# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　　1:12-cr-373-WSD-ECS

BENJAMIN SANDERS,

　　　　Defendant.

# OPINION AND ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") [39] in which Magistrate Judge E. Clayton Scofield considered Defendant Benjamin Sander's ("Defendant" or "Sanders") Perfected Motion to Suppress Evidence Resulting from an Unlawful Search Warrant (the "Suppression Motion") [35].[1] In the Suppression Motion[2], Sanders seeks to suppress a search of his home pursuant to a search warrant issued by a state

---

[1] Defendant previously filed his Preliminary Motion to Suppress Evidence Resulting from an Unlawful Search Warrant [32]. The Suppression Motion supersedes the Preliminary Motion and the Preliminary Motion is thus denied as moot.

[2] Defendant also filed a Motion to Exclude Government Expert Testimony [30] and a Motion for Daubert Hearing [31]. Defendant was given up to and including March 21, 2013, to perfect these motions. Not having done so by the deadline set, the Court considers these motions as abandoned, and they are denied as moot.

magistrate judge upon an affidavit presented by a Cobb County detective (the "Affidavit"). Defendant claims that because the detective omitted material facts from his Affidavit, the Affidavit does not provide probable cause to support issuance of the search warrant. Magistrate Judge Scofield, in the R&R, recommended that the Suppression Motion be denied.

## I. BACKGROUND

The Affidavit at issue in this motion was prepared by Cobb County Detective Calhoun who was investigating Defendant's alleged creation and possession of child pornographic images.[3] The information in the Affidavit largely was provided by a 16-year old victim of the Defendant. The victim told Detective Calhoun that she had been sexually abused by Defendant and that Defendant had posted photographs and videos of his abuse of her on the internet. The state magistrate judge who considered the warrant application, including the Affidavit supporting it, conducted a video conference with the detective who authored the Affidavit. During the conference, Detective Calhoun advised the state magistrate judge that the victim had stated to him that from the time of her fourteenth birthday, in October 2009, until about October 12, 2011, the Defendant, her uncle,

---

[3] The facts are set out in more detail in the R&R and, in the absence of an objection, and the Court finding no plain error in them, the facts in the R&R are adopted by the Court.

2

had molested her including by fondling, oral sex, and intercourse. The victim advised that this sexual abuse occurred in Defendant's home, where the victim then had resided. During the video conference, Detective Calhoun also provided information about the victim's background.

The state magistrate judge, having received the information in the Affidavit, as supplemented during the video conference, determined that there was probable cause to issue a warrant to search Defendant's home. The warrant was issued and the home was searched. During the search, a variety of child pornographic materials were seized, along with other evidence.

Magistrate Judge Scofield, based on the record in the case, determined that the warrant was properly issued and recommended that the Suppression Motion be denied. Defendant did not assert any objections to the R&R.

## II. STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. DISCUSSION

### A. Probable Cause

Under the Fourth Amendment "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). "[T]he [warrant] affidavit must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation marks and citation omitted).

In determining whether probable cause exists:

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit

4

before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.

Id. at 238-39, 103 S. Ct. at 2332 (brackets and internal quotation marks omitted) (citing Jones v. United States, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), overruled on other grounds by United States v. Salvucci, 448 U.S. 83, 85, 100 S. Ct. 2547, 2549 (1980)).

The information supporting the government's application for a search warrant must be timely. See Sgro v. United States, 287 U.S. 206, 210, 53 S. Ct. 138, 140 (1932) ("[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."); United States v. Holt, 408 F. App'x 229, 234 (11th Cir. 2010); United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985); United States v. Bascaro, 742 F.2d 1335, 1345 (11th Cir. 1984), abrogated on other grounds by United States v. Lewis, 492 F.3d 1219, 1221-22 (11th Cir. 2007)).

The staleness doctrine requires that the information supporting the government's application for a warrant show that probable cause exists at the time the warrant issues. See United States v. Harris, 20 F.3d 445, 450 (11th Cir.1994). Domme, 753 F.2d at 953 (11th Cir. 1985). There is no particular rule or time limit

for when information becomes stale.  See Harris, 20 F.3d at 450.  "Staleness is an issue which must be decided on the peculiar facts of each case." Bascaro, 742 F.2d at 1345 (quoting United States v. Hyde, 574 F.2d 856, 865 (5th Cir. 1978)); see also Domme, 753 F.2d at 953 ("[S]taleness is an issue that courts must decide by evaluating the facts of a particular case . . . .").

The court may consider the maturity of the information, the nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched.  Harris, 20 F.3d at 450; see also United States v. Hooshmand, 931 F.2d 725, 735-36 (11th Cir. 1991); Cauchon v. United States, 824 F.2d 908, 911 (11th Cir. 1987); Bascaro, 742 F.2d at 1345-46.  "In general, the basic criterion as to the duration of probable cause is the inherent nature of the crime." United States v. Haimowitz, 706 F.2d 1549, 1555 (11th Cir. 1983).  The courts distinguish between criminal activity which is protracted and continuous and that which is isolated. Bascaro, 742 F.2d at 1345-46 (quoting Bastida v. Henderson, 487 F.2d 860, 864 (5th Cir. 1973)); see also Harris, 20 F.3d at 451.

"Stale information is not fatal where the government's affidavit 'updates, substantiates, or corroborates the stale material.'" United States v. Green, 40 F.3d 1167, 1172 (11th Cir. 1994) (quoting Harris, 20 F.3d at 450 (11th Cir. 1994)).

6

Accord United States v. Magluta, 198 F.3d 1265, 1272 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (11th Cir. 2000); United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997).

The Court has reviewed the R&R, the Affidavit, and the other information that was available to the state magistrate judge to evaluate if probable cause existed to support issuance of the warrant. The Court specifically considered the Defendant's argument that the information in the Affidavit and provided in the video conference was stale and thus did not support the existence of probable cause.

The Court finds that the information provided to the state magistrate judge was not stale and did not prohibit a finding that probable cause existed for the warrant to be issued. Here, the downloaded pictures and videos were represented by the victim to have been made as a part of an ongoing course of alleged criminal sexual molestation that ended only two months before the warrant was sought. The alleged sexual molestation and the photographs of them were not isolated events, but part of protracted, continual conduct. A person who takes photographs or videos and loads them onto a computer device normally intends to retain them as a record of the event or the memory for a period to extend well beyond when the images are initially loaded on the device. The record here supports there was

7

probable cause that Defendant created and maintained in his home child pornographic images, and that they were loaded and expected to be maintained on a computer, and as a result the crime to which the Affidavit was addressed was, based on the facts here, continuous and protracted. The Court determines that the information upon which the search warrant was issued was not stale and provided probable cause for the search warrant to be issued.

  B. <u>Good Faith exception</u>

  In <u>United States v. Leon</u>, 468 U.S. 897, 922, 104 S. Ct. 3405, 3420 (1984), the Supreme Court held that evidence need not be suppressed when police obtain the evidence through objective, good faith reliance on an initially valid warrant that is later found to lack probable cause. "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (quoting <u>Leon</u>, 468 U.S. at 922 n.23, 104 S. Ct. at 3420 n.23). Such circumstances may include evidence "beyond the four corners of the affidavit." <u>United States v. Robinson</u>, 336 F.3d 1293, 1297 (11th Cir. 2003); <u>Martin</u>, 297 F.3d at 1318-19.

8

A warrant affidavit violates the Fourth Amendment when it contains omissions 'made intentionally or with a reckless disregard for the accuracy of the affidavit.'" Id. at 1326-27 (quoting United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)). [O]missions that are not reckless, but are instead negligent, or insignificant and immaterial, will not invalidate a warrant." Madiwale, 117 F.3d at 1327 (citation omitted); see also United States v. Sims, 845 F.2d 1564, 1571 (11th Cir. 1988) ("Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." (quoting United States v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987))).

Having considered the R&R findings and the record in this matter, and even assuming there was an absence of probable cause or evidence to support it in the Affidavit - - which the Court finds there was not – the Court finds that the state magistrate judge who issued the warrant acted in good faith reliance on the Affidavit.

Defendant next argues, without citation to anything in the record, that the detective was aware of a number of facts that contradicted the reliability or veracity of the information received from the victim. Defendant alleges that the detective failed to inform the state magistrate judge of facts that would have discredited the veracity and reliability of the alleged victim. As Defendant put it:

"There is no doubt that the magistrate judge would have wanted this information in reaching its probable cause determination." Defendant, however, has failed to make a substantial preliminary showing that the affiant here knowingly and intentionally made a false statement or omission with reckless disregard for its truth, and that the false statement or omission was necessary for a finding of probable cause.

The Affidavit and testimony supporting the search warrant are considered presumptively valid and sufficient to support the good faith exception, see Franks, 438 U.S. at 171, 98 S. Ct. at 2684.[4] Even if the Affidavit were found to lack probable cause to be issued, the Court finds the good faith exception applies.

### III. CONCLUSION

Finding that Magistrate Judge Scofield did not plainly err in his recommendation that probable cause existed to issue the warrant and that the Leon good faith exception otherwise applies, the Court determines that the Suppression Motion is required to be denied.

---

[4] The Court determines further that, in the absence of a substantial preliminary showing that Detective Calhoun knowingly and intentionally made a false statement or omission in the Affidavit, Defendant is not entitled to a hearing under Franks v. Delaware, 438 U.S. 154 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge E. Clayton Scofield's Report and Recommendation [39].

**IT IS FURTHER ORDERED** that Defendant's Perfected Motion to Suppress Evidence Resulting from an Unlawful Search Warrant (the "Suppression Motion") [35] is **DENIED.**

**SO ORDERED** this 30th day of July, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE